**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LG BROADWAY MANAGEMENT, INC. | : |
| | : |
| Plaintiff | : Case No. |
| v. | : |
| | : |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU | : |
| | : |
| | : |
| Defendant | : |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff LG Broadway Management, Inc. ("LG Broadway"), by and through its undersigned counsel, hereby files this Complaint against defendant Employers Insurance Company of Wausau ("Employers").

**I. BACKGROUND**

1. This is an insurance coverage action for breach of contract arising out of Employers' refusal to pay for lost business income arising from direct physical damage to property that is covered by a property insurance policy Employers sold to LG Broadway.

2. The policy at issue is Employers' "Premier Property Protector" insurance policy sold to LG Broadway, effective May 1, 2022 to May 1, 2023, bearing policy No. YAC-L9L-474363-012-00/6 (the "Policy").

3. LG Broadway is the named insured on the Policy.

4. The Policy provides coverage limits of $300,000,000.

5. The insured property is located at 1227 Broadway in Manhattan, New York.

6. LG Broadway owns the insured property, at which it operates a Virgin® brand hotel (the insured property is hereafter referred to as the "Hotel").

- 2 -

7.  At the time of the loss on or about December 26, 2022, the Hotel was newly constructed and had not yet opened to the public.

8.  The planned opening of the Hotel was January 10, 2023.

9.  On or about December 26, 2022, the copper coils associated with HVAC units on the fifth floor of the Hotel froze and ruptured.

10. Water escaped and caused property damage on the fifth floor and the floors below, including to a restaurant on the third floor.

11. The damaged property was repaired as of February 2, 2023, with the exception of damaged custom tables in the restaurant, which were not yet replaced by that time.

12. Because of the loss, the Hotel could not open until the repairs were completed.

13. The Hotel opened to the public on February 2, 2023.

14. Although the Hotel finally opened on February 2, 2023, the Hotel's sales, including room sales, lagged behind where they would have been had the Hotel opened as originally planned.

15. The Hotel's financial performance did not return to normal until September 2023.

## II. PARTIES, JURISDICTION, AND VENUE

16. Plaintiff LG Broadway is a corporation organized under the laws of New York with its principal place of business at 202 Centre Street New York City.

17. Employers is an insurance company that is organized under the laws of Wisconsin with its principal place of business in Boston, Massachusetts.

18. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because:

    a.  diversity of citizenship exists between LG Broadway and Employers; and

    b.  the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).

19. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all or substantially all of the events giving rise to the claims at issue occurred in this judicial district.

20. In addition, the Employers Policy was issued to LG Broadway in New York City and the loss at issue occurred to property in New York City.

## V. THE EMPLOYERS POLICY

21. The Employers Policy provides insurance for, and requires Employers to pay for, a "covered loss" to "covered property."

22. A "covered loss" is defined in the Policy as: "A loss to covered property caused by a direct physical loss or damage insured by this Policy."

23. "Covered property" under the Policy consists of the Hotel property.

24. The Employers Policy also provides coverage for losses LG Broadway may incur while damaged covered property is being repaired after a covered loss, referred to in the Policy as "Time Element" coverage.

25. The Time Element coverage provides as follows:

> 1. We cover your actual loss sustained, as provided in the TIME ELEMENT COVERAGES and TIME ELEMENT COVERAGES AND LIMITATIONS, directly resulting from a loss of the type insured by this Policy: a. To property described elsewhere in this Policy and not otherwise excluded by this Policy, b. Used by you, or by others with whom you have a contract, c. At a covered location or while in transit as provided by this Policy, d. During the applicable PERIOD OF LIABILITY described in this section.

26. Included within the Time Element coverage and relevant here is the "Gross Earnings" coverage, which provides coverage for lost income resulting from an interruption of business operations caused by damage to covered property:

> B. TIME ELEMENT COVERAGES 1. GROSS EARNINGS a. GROSS EARNINGS loss is the actual loss sustained by you due to the necessary interruption of your business during the PERIOD OF LIABILITY of the following: Gross Earnings less all charges and expenses that do not necessarily continue during the interruption of production or suspension of business

operations or services, plus all other earnings derived from the operation of the business.

Ordinary payroll, including taxes and charges dependent on the payment of wages, for a period of time not to exceed the number of consecutive days as specified in the LIMITS OF LIABILITY in the Declarations table immediately following the interruption of production or suspension of business operations or services, and only to the extent such payroll continues following the loss and would have been earned had no such interruption happened.

27. The extent of Gross Profits or business interruption coverage provided, subject to Policy limits, is as follows:

C. PERIOD OF LIABILITY 1. The PERIOD OF LIABILITY applying to CONTINGENT TIME ELEMENT, GROSS EARNINGS, EXTRA EXPENSE and RENTAL INSURANCE is as follows: a. For building and equipment, the period: (1) Starting from the time of physical loss or damage of the type insured; and (2) Ending when with due diligence and dispatch the building and equipment could be: (a) Repaired or replaced; and (b) Made ready for operations, under the same or equivalent physical and operating conditions that existed prior to the damage. (3) Not to be limited by the expiration of this Policy

28. LG Broadway's Policy provides increased coverage through an "Extended Period of Liability" provision, which extends the Period of Liability in which lost business income is calculated:

EXTENDED PERIOD OF LIABILITY a. We cover the GROSS EARNINGS loss sustained due to the reduction in sales resulting from: (1) The interruption of business; (2) Commencing with the date on which our liability for loss resulting from interruption of business would terminate if this TIME ELEMENT COVERAGE AND LIMITATION had not been included in this Policy; and (3) Continuing for such additional length of time as would be required with the exercise of due diligence and dispatch to restore your business to the condition that would have existed had no loss occurred, but no longer than the number of consecutive days specified in the LIMITS OF LIABILITY Table in the Declarations.

29. The Declarations state that the "Extended Period of Liability" is 365 days.

30. In addition to the applicable Policy limits of $300,000,000, the Policy provides $250,000 of coverage for professional fees incurred in preparing an insurance claim.

## VI. LG BROADWAY'S INSURANCE CLAIM

31.     On December 28, 2022, LG Broadway reported to Employers the loss caused by the freezing HVAC coils and Employers assigned it claim No. 581384710 (the "Claim").

32.     Employers performed an investigation and paid a total of $194,704.23, after applying a $100,000 deductible, to pay for the repairs necessitated by the water damage.

33.     In April 2023, LG Broadway submitted to Employers financial information respecting lost hotel room sales caused by the delayed opening of the Hotel, which was in turn caused by the water damage incident on December 26, 2022.

34.     LG Broadway sought coverage for lost business income resulting from the lost hotel room sales, and from other Hotel revenue streams, pursuant to the Time Element, Gross Profits coverage afforded by the Policy.

35.     By letter dated April 28, 2023, Employers denied coverage for Gross Profits losses, asserting that hotel rooms were not damaged by water and thus could have been rented out.

36.     On September 15, 2023, LG Broadway, through its counsel, wrote to Employers challenging its coverage denial.

37.     Thereafter, Employers offered to adjust the portion of LG Broadway's Time Element, Gross Profits claim attributable to the lost sales caused by the delayed opening of the Everdene Restaurant at the Hotel and other food and beverage revenue streams, but continued to refuse to pay for loss caused by lost hotel room sales.

38.     On September 10, 2024, LG Broadway submitted to Employers a loss analysis of the total lost income covered by the Time Element, Gross Profits portion of the Policy, which amounted to $2,956,979, inclusive of professional fees consisting of $31,860.

39. On December 20, 2024, Employers provided to LG Broadway a Statement of Loss in the amount of $399,840.04, and a Sworn Statement for Advance Payment of Loss in that amount.

40. This offer of advance payment was limited to that portion of the Claim attributable to the lost food and beverage income, and did not include any payment for lost income attributable to lost hotel room sales.

41. Effective December 22, 2024, Employers and LG Broadway entered into a tolling agreement extending the time in which LG Broadway had to file a lawsuit respecting the Claim to January 24, 2025.

42. On January 10, 2025, LG Broadway submitted to Employers the signed Sworn Statement for Avance Payment, reserving its rights to pursue that portion of its Claim seeking lost income from lost hotel room sales, and reserving its rights respecting the Period of Liability and Extended Period of Liability applicable to the Claim.

## COUNT I
## BREACH OF CONTRACT

43. Paragraphs 1-42 are incorporated by reference.

44. The Policy constitutes an enforceable contract between LG Broadway and Employers.

45. The Policy's Time Element, Gross Profits section provides coverage for lost income attributable to direct physical damage to covered property.

46. Employers acknowledged that the burst HVAC coils caused covered water damage to covered property.

47. Employers further acknowledged that this damage delayed the opening of the Hotel's food and beverage business, including the Everdene restaurant, resulting in an interruption of that business and associated income.

48. Employers, however, wrongfully denied that the water damage delayed the opening of the Hotel or interrupted LG Broadway's hotel room sales operations.

49. To the contrary, the water damage in question prevented the Hotel from opening on the planned January 10, 2023 opening date.

50. The Hotel was finally able to open after the damage to multiple floors of the building was repaired on February 2, 2023.

51. During that period in which the Hotel remained closed, LG Broadway could not reasonably let hotel rooms.

52. In addition, once the Hotel opened, hotel room sales did not reach expected and normal levels until September 2023.

53. Therefore, LG Broadway suffered a loss of income from an interruption to its business caused by covered physical damage to the Hotel.

54. This loss is covered under the Time Element, Gross Profits provisions of the Policy.

55. Because Employers refuses to provide coverage for the lost income attributable to lost hotel room sales between January 10, 2023 through September 2023, it has breached the Policy contract.

56. As a result, LG Broadway has suffered damages in the amount of $2,956,979 (including professional fees), less the $399,840.04 Employers is expected to pay for the food and beverage lost income, yielding a net of $2,557,138.96 in damages.

WHEREFORE, LG Broadway respectfully requests that this Court enter judgment in its favor and against Employers in the amount of $2,557,138.96, together with attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

LG Broadway hereby requests a trial by jury on all claims for which it is available.

Date:   January 22, 2025

Respectfully submitted,

**FLASTER GREENBERG PC**

*/s/ Jay M. Levin*_____
Jay M. Levin (NY ID: 2427169)
One Tower Bridge
100 Front Street, Suite 100
Conshohocken, PA 19428
(215) 576-1730
Jay.Levin@flastergreenberg.com

John G. Koch (NY ID 4430401)
295 Madison Avenue, 12th Floor
New York, NY 10017
Telephone: (212) 268-7111
Email: John.Koch@flastergreenberg.com